**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Leticia MANZANO, Defendant–
Appellant.**

No. 03–6026.

United States Court of Appeals,
Sixth Circuit.

Aug. 17, 2004.

Charles P. Wisdom, Jr., Asst. U.S. Attorney, Mark A. Wohlander, Asst. U.S. Attorney, U.S. Attorney's Office, Lexington, KY, for Plaintiff–Appellee.

Leticia Manzano, Forth Worth, TX, pro se.

Before: MOORE and COLE, Circuit Judges; and MARBLEY, District Judge.*

### ORDER

Leticia Manzano, proceeding without benefit of counsel, appeals the provisional sentence imposed by the district court pursuant to 18 U.S.C. § 4244(d). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the

Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Manzano pleaded guilty to threatening a witness, victim, or informant in violation of 18 U.S.C. § 1512(b)(3). The district court accepted the guilty plea and ordered Manzano to undergo mental health counseling and a psychological evaluation.

After reviewing the results of Manzano's psychological evaluation, the district court granted the government's motion and committed Manzano for care or treatment for a period not to exceed the ten-year maximum statutory penalty provided for Manzano's offense. Manzano's attorney offered an unspecified objection to the provisional sentence based upon a letter written by Manzano in which she expressed regret and asked to be allowed to go home.

We granted Manzano's counsel leave to withdraw and granted Manzano leave to proceed pro se on appeal.

On appeal, Manzano essentially claims that the district court erred in finding that she was suffering from a mental disease or defect that required commitment for care or treatment in lieu of imprisonment under 18 U.S.C. § 4244(d). Manzano also claims to have received disparate treatment.

The district court's determination that Manzano suffers from a mental disease or defect that qualifies her for the provisional sentencing of § 4244(d) is a finding of fact reviewed under a clearly erroneous standard. *United States v. Prescott,* 920 F.2d 139, 146 (2d Cir.1990). The district court's judgment is clearly erroneous when the decision strikes the court as more than just maybe or probably wrong; it strikes the court as wrong "with the force of a five-week-old, unrefrigerated

---

* The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

dead fish." *United States v. Phibbs*, 999 F.2d 1053, 1075 (6th Cir.1993).

Our review of the record reveals that the district court did not clearly err. Title 18 U.S.C. § 4244(d) provides, in part, that: If, after a hearing on the present mental condition of the defendant, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect and that he should, in lieu of being sentenced to imprisonment, be committed to a suitable facility for care or treatment, the court shall commit the defendant to the custody of the Attorney General. Such a commitment constitutes a provisional sentence of imprisonment to the maximum term authorized by law for the offense for which the defendant was found guilty. "The maximum term authorized by law" refers to the statutory maximum for the offense, not the maximum sentence allowed by the sentencing guidelines. *United States v. Roberts*, 915 F.2d 889, 892 (4th Cir.1990).

The record reveals that Manzano offered no evidence at her hearing to contradict the psychological evaluation that diagnosed her as presently suffering from a mental disease or defect, and concluded that she should in lieu of being sentenced to imprisonment be committed to a suitable facility for care or treatment. Rather, Manzano joined the government in moving the district court to order the Federal Bureau of Prisons to addend the psychological report with an opinion as to whether she suffered from a mental disease or defect as a result of which she is in need of custody for care or treatment in a suitable facility. She did not thereafter challenge the psychological assessment. In fact, she conceded that she had no evidence with which to challenge the conclusion that she suffers from a mental disease or defect and that she needs treatment. Thus, the district court correctly found by a preponderance of the evidence that Manzano suffers from a mental disease or defect that qualifies her for the provisional sentencing of § 4244(d). The district court did not clearly err.

To the extent that Manzano claims that she received disparate treatment, her claim is meritless. Manzano suggests some impropriety in her provisional sentence inasmuch as she was found competent to stand trial. Any perceived inconsistency between the standard required for competency to stand trial and the standard required for provisional sentencing can be resolved by an examination of the differences between 18 U.S.C. § 4241 and § 4244. *See United States v. Abou–Kassem*, 78 F.3d 161, 165 (5th Cir.1996).

To the extent that Manzano challenges her underlying sentence computation, her challenge is premature as she is awaiting final sentencing.

Accordingly, we hereby affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.